UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12655-RGS

DENNIS A. BLANCHETTE

v.

SOCIAL SECURITY ADMINISTRATION

MEMORANDUM AND ORDER
ON DEFENDANT'S MOTION TO DISMISS

February 21, 2014

STEARNS, J.

Plaintiff Dennis Blanchette complains that the Social Security Administration (SSA) "fraudulently took all of his $1,157.00 monthly SSA payments, and gave it to the Internal Revenue Service (IRS)" between the years 2009 to 2012. Blanchette requests that the court find the SSA liable to him in the amount of $3,000,000.00.

The SSA admits that from May of 2009, until January of 2012, the SSA garnished $1,157.00 from Blanchette's SSA retirement benefits on a monthly basis, stating that it did so in compliance with an IRS levy on Blanchette's Social Security retirement benefits pursuant to 26 U.S.C. § 6331. (Blanchette has not disputed the fact that the IRS released the levy in January of 2012 and that the SSA ceased garnishing Blanchette's

retirement benefits at that time).  The SSA now moves to dismiss Blanchette's Complaint for lack of subject matter jurisdiction and for failure to state a claim.

## DISCUSSION

**1. Blanchette fails to state a claim upon which relief can be granted.**

Internal Revenue Code, 26 U.S.C. § 6332(a) states: "[A]ny person in possession of . . . property or rights to property subject to a levy . . . shall, upon demand of the Secretary, surrender such property . . . to the Secretary."  The definition of the term "person" for purposes of § 6332(a) is expansive and includes individuals, business entities, agencies, and even States. *See Commonwealth of Massachusetts v. United States*, 296 F.2d 336, 337 (1st Cir. 1961) (holding Massachusetts liable for failing to honor an IRS levy to collect federal income tax owed by state employees); *cf. McKean v. United States,* 563 F. Supp. 2d 182, 185 (D.D.C. 2008) (upholding the procedural validity of an IRS levy on social security payments); *Overton v. United States,* 74 F. Supp.2d 1034, 1045 (D.N.M. 1999) ("General retirement benefits such as IRAs, self-employed Keough plans, thrift savings plans and Social Security benefits are not [exempt from levy]."). The SSA was therefore obligated to comply with the levy and to surrender that portion of Blanchette's retirement benefits that was subject to the levy.

Further, anyone who surrenders such property pursuant to an IRS levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person . . . arising from such surrender or payment."  26 U.S.C. § 6332(e).  Thus, Blanchette cannot by operation of law state a claim upon which relief can be granted against the SSA for having "given" his property to the IRS during the duration of the levy.

Blanchette argues that the Social Security Act (Pub. L. No. 74-271, now codified as 42 U.S.C. ch. 7) forbids the SSA from complying with an IRS levy.  *See* Pl.'s Mot. to Strike (Dkt. #10), ¶ 14.  In support, Blanchette cites 42 U.S.C. § 407 (Social Security Act, § 207), which provides that social security payments shall not be "subject to execution, levy, attachment, garnishment, or other legal process" and that "[n]o other provision of law . . . may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section."  *Id.* §§ 407(a) & (b).

Blanchette's citation to the Social Security Act is not inaccurate, insofar as it goes, but it is irrelevant to this dispute because the statutory authorization of the IRS levy power to collect unpaid taxes *does* contain an express exclusionary reference to § 207 of the Social Security Act.  *See* 26

U.S.C. § 6334, titled "Property Exempt from Levy," which states in pertinent part:

> "[n]otwithstanding any other law of the United States (*including section 207 of the Social Security Act*), no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)."

26 U.S.C. § 6334(c) (emphasis added). Because 26 U.S.C. § 6334(c) supersedes 42 U.S.C. § 407(a), Blanchette's exemption argument fails as a matter of law.

### 2. The court lacks subject matter jurisdiction over Blanchette's Complaint because it was not brought in accordance with 26 U.S.C. § 7433.

A taxpayer's claim for damages resulting from tax collection is limited by 26 U.S.C. § 7433.  Section 7433 operates as a waiver of sovereign immunity and allows a taxpayer to bring a lawsuit for damages against the United States to recover for "certain unauthorized collection actions" by the IRS.  *Id.* § 7433(a).  It is "the exclusive remedy for recovering damages resulting from such actions." *Id.* § 7433(b).  Blanchette's Complaint, on its face, seeks damages in connection with the collection of a tax (requesting $3,000,000 as redress from the SSA for having turned over his retirement benefits to the IRS).  Because he has failed to comply with 26 U.S.C. § 7433, the court lacks subject matter jurisdiction.

As an initial matter, Blanchette fails to name the proper party to a § 7433 action (the United States) and fails to allege that he has satisfied any of the other jurisdictional requirements for bringing a § 7433 action (such as exhaustion of his administrative remedies with the IRS).  Further, Blanchette himself disavows any connection between his Complaint and § 7433 via a contorted reading of the terms "taxpayer," "person," and "individual" in 26 U.S.C. §§ 7433 and 7701, and 1 U.S.C. § 1, concluding "[n]eedless to say, I am not the statutory taxpayer or personage what-so-whoever of interest at law."  *See* Pl.'s Mot. to Dismiss (Dkt. # 12), ¶¶ 9-13.

Blanchette's argument regarding the inapplicability of § 7433 is one of the many "well-worn tax-protester arguments," *In re Haggert*, 1992 WL 379414, *4 (1st Cir. Dec. 22, 1992), that courts have repeatedly rejected as "meritless" and "frivolous."[1]  Blanchette's assertion, by reference to 1 U.S.C.

---

[1] *See, e.g., United States v. Studley*, 783 F.2d 934, 937, n. 3 (9th Cir. 1986) (noting that "[a]n individual is a 'person' under the Internal Revenue Code" and that arguments to the contrary "ha[ve] been consistently and thoroughly rejected by every branch of the government for decades" and "advancement of such utterly meritless arguments is now the basis for serious sanctions imposed by civil litigants who raise them."); *United States. v. Rice*, 659 F. 2d 524, 528 (5th Cir. 1981) (noting the frivolity of the "not a 'person'" argument); *Lovell v. United States*, 755 F.2d 517, 519-520 (7th Cir. 1984) (imposing sanctions against pro-se plaintiffs for arguing that as "natural persons" they were "exempt from federal taxation"); *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990) ("contention that defendant was not an 'individual' under the Internal Revenue Code also is frivolous"); *Jones vs. I.R.S.*, 2012 WL 5334631, *2 (D. Mont. Oct. 26, 2012)

5

§ 1 (which defines the meaning of the term "person" for any Act of Congress), that he is not a "person" subject to an internal revenue tax, is particularly ironic (as well as mistaken as a matter of law) in light of the fact that the stated purpose of his Complaint is to recover damages for the deprivation of his alleged "right" as a "person," under another Act of Congress, to social security payments.

## ORDER

For the foregoing reasons, defendant's Motion to Dismiss is <u>GRANTED</u>.

SO ORDERED.

/s/Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

("An individual, including Jones, is a 'person' under the Internal Revenue Code and is subject to Title 26.").